IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


EUGENE ISAAC PITTS                                                    PETITIONER
ADC #073537


vs.                                    Case No. 5:15cv354 DPM-JTK


WENDY KELLEY, *Director*,
Arkansas Department of Correction                                    RESPONDENT


**RECOMMENDED DISPOSITION**


1.      **Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Court

Judge D.P. Marshall, Jr. Mr. Pitts - or any party - may file written objections to this

recommendation with the Clerk of Court within fourteen (14) days of this recommendation.

Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if no

objections are filed, Judge Marshall can adopt this recommendation without independently

reviewing the record.

II.     **Introduction**

Petitioner, Eugene Isaac Pitts, is a prisoner currently confined to the Tucker Unit of the

Arkansas Department of Correction (ADC).  Pitts submits this petition for writ of habeas

corpus on the basis of newly discovered evidence pursuant to 28 U.S.C. § 2254–namely the

recantation by the FBI of the scientific evidence used to convict him.  Pitts also requests that

the Court grant his motion for leave to proceed in forma pauperis (DE #1) and his motion to

stay (DE #3).

Pitts filed two previous federal habeas petitions challenging the same conviction that he

challenges here.  *See Pitts v. Lockhart*, Case No. 5:87-cv-00674 HDY and *Pitts v. Norris*, Case No.

5:94-cv-00734 SMR.  In the latter case, the Eighth Circuit denied the petition for authorization

to file a successive habeas petition.

In the current petition, Pitts argues the petition is not successive because there has never

been a ruling on the issue now presented before the court as to the newly-discovered evidence.


For the reasons set forth herein, the Court recommends that the current habeas petition

be dismissed and that all pending motions be denied as moot.

### III.  <u>Discussion</u>

This Court lacks jurisdiction to hear a second or successive petition.  Before filing a

second or successive habeas corpus petition in federal court, a petitioner must seek and receive

an order from the appropriate court of appeals that authorizes the district court to consider the

petition.  28 U.S.C. § 2244(b)(3)(A).  Authorization is required even where the

factual predicate for the claim could not have been discovered previously through the exercise

of due diligence.  28 U.S.C. § 2244(b)(2)(B)(i)-(ii).

Without an order from the court of appeals authorizing the filing of a second or

successive petition, the district court lacks jurisdiction to hear the petition.  *Burton v. Stewart,* 549

U.S. 147, 152-53, 157 (2007).[1]  A successive petition is defined by whether the petitioner is

---

[1]The court of appeals can authorize the filing of a successive petition only if the new
petition satisfies certain statutory requirements.  *See* 28 U.S.C. § 2244(b)(2).

attacking the same judgment and not by whether the petitioner raises new arguments. *Magwood v. Patterson*, 561 U.S. 320 (2010). Summary dismissal of a habeas corpus petition—prior to any answer or other pleading being filed by the respondent—is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals.  Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed. Appx. 985, 985 (8th Cir. 2003).

The pending petition is a successive petition because Mr. Pitts's previous petitions challenged the same state conviction. Instead of dismissal, Judge Marshall could transfer this petition to the Eighth Circuit Court of Appeals.  Under 28 U.S.C. § 1631, a court that lacks jurisdiction over a civil case "shall, if it is in the interest of justice," transfer the action to a court where the action could have been brought. The Eighth Circuit Court of Appeals has jurisdiction to authorize the pending petition.  28 U.S.C. § 2244(b)(3)(A).  However, the Eighth Circuit has not decided whether transfer of a successive petition under 28 U.S.C. § 1631 is appropriate, mandatory, or even discretionary.

## IV.   Conclusion

Based on the foregoing, it is recommended that the instant successive habeas petition (DE #2) be dismissed without prejudice for lack of jurisdiction. The Court further recommends that Judge Marshall not grant a certificate of appealability.

SO ORDERED this 17th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE