IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EUGENE ISSAC PITTS,
ADC #73537                                                                                            PETITIONER

v.                                           No. 5:15-cv-354-DPM

WENDY KELLEY, Director,
Arkansas Department of Correction                                         RESPONDENT

ORDER

**1.** On *de novo* review, the Court adopts the recommendation, № 4, as modified and overrules Pitts's objections, № 5. FED. R. CIV. P. 72(b)(3).

**2.** "Second or successive" is a term of art. *Crouch v. Norris*, 251 F.3d 720, 725 (8th Cir. 2001). Its meaning lies both in pre-AEDPA case law and in the policies animating AEDPA. *Ibid.*; *see also Panetti v. Quarterman*, 551 U.S. 930, 943–44 (2007). If a petition raises a previously unripe claim, it might not be "second or successive," even if it's second in time and attacks the same judgment as a prior petition. *Panetti*, 551 U.S. at 947.

Pitts, however, conflates ripeness and availability. Courts have carefully distinguished "genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the petitioner merely has some excuse for failing to raise the claim in his initial petition

(such as when newly discovered evidence supports a claim that the petitioner received ineffective assistance of counsel)[.]" *United States v. Obeid*, 707 F.3d 898, 902 (7th Cir. 2013). The former escape the "second or successive" label; the latter don't. *Ibid.; see also Crouch*, 251 F.3d at 724–25.

While Pitts certainly has an excuse for not raising his new claims in his earlier petitions, that doesn't mean those claims were unripe. And it doesn't exempt him from § 2244(b)'s rules. To hold otherwise would "considerably undermine — if not render superfluous — the exceptions to dismissal set forth in § 2244(b)(2)." *Magwood v. Patterson*, 561 U.S. 320, 334–36 (2010). Pitts's petition is successive under the case law; and he must ask the Court of Appeals for permission to file it. 28 U.S.C. § 2244(b).

3. In the interest of justice, and in particular to avoid any limitation problem and to avoid unnecessary duplicative work by appointed counsel, the Court will exercise its discretion and transfer this case to the Court of Appeals. 28 U.S.C. § 1631; *compare, e.g., Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004), *with, e.g.,Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996).

\* \* \*

Recommendation, № 4, adopted as modified. The Court directs the Clerk to correct the docket: № 6 is a supplement to the motion to proceed *in forma pauperis*, not a new motion. Petition, motion to stay, and motion to proceed *in forma pauperis* (as supplemented), № 1, 2, 3 & 4, transferred to the Court of Appeals — so it can decide the § 2244(b) issue. The Court directs the Clerk to take all necessary steps to accomplish the transfer.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

23 December 2015