# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**EUGENE ISSAC PITTS,**
**ADC #73537**                                              **PETITIONER**

**v.**                                   **No. 5:15-cv-354-DPM**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**            **RESPONDENT**

## ORDER

**1.** Motion, № 45, granted in part and denied in part. As Kelley suggests, this Court construes the Magistrate Judge's 16 May 2017 Order as a recommendation. № 38; FED. R. CIV. P. 72(b). On *de novo* review, that recommendation is adopted as supplemented.

**2.** Kelley's motion to dismiss, № 26, is denied without prejudice. Deciding whether Pitts's successive petition is timely will require consideration of fact-intensive issues, such as diligence and maybe equitable tolling. 28 U.S.C. § 2244(d)(1)(D); *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). And if Pitts's petition is timely, then the Court will have to decide whether, in light of the whole record, any reasonable factfinder would have found him guilty of murdering Dr. Jones but for the alleged error. 28 U.S.C. § 2244(b)(2)(B)(ii). These questions run parallel to the issues the state courts have taken up in

Pitts's *coram nobis* proceedings.  *E.g.*, *Howard v. State*, 2012 Ark. 177, at 4, 13, 403 S.W.3d 38, 42, 47 (2012).

Kelley hasn't filed the state court record.  And because of the ongoing *coram nobis* proceedings, that record is still being developed.  In these circumstances, comity favors letting the Arkansas courts consider these fact-intensive issues first rather than conducting duplicative parallel proceedings here.  *E.g.*, *Rhines v. Weber*, 544 U.S. 269, 273–74 (2005).  The Court therefore concludes that Magistrate Judge Kearney did not clearly err or misapply the law in granting a stay.  FED. R. CIV. P. 72(a).  It will remain in place.

So Ordered.

D.P. Marshall Jr.
United States District Judge

21 September 2017