## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

## EUGENE ISSAC PITTS,
## ADC #73537                                              PETITIONER

v.                              No. 5:15-cv-354-DPM

## DEXTER PAYNE, Director,
## Arkansas Division of Correction                RESPONDENT

## ORDER

**1.** On *de novo* review, the Court partly adopts and partly declines the recommendation, *Doc. 69*, partly sustains Payne's objections, *Doc. 74*, and overrules Pitts's objections, *Doc. 73*. FED. R. CIV. P. 72(b)(3).

**2.** The Court declines the recommendation's conclusion that Pitts couldn't have learned the factual predicate for his claim "before the DOJ revealed the errors in Agent Malone's testimony in [Pitts's] trial." *Doc. 69 at 33*. Pitts began sounding the alarm about Malone's expert testimony as early as 2001, when he filed a *pro se* petition requesting DNA testing in state court. In that petition, Pitts claimed that Malone "prejudiced the evidentiary basis for the conviction by being permitted to overstate the reliability of the microscopic examination technique and making an incriminating opinion based on speculation beyond his scientific expertise[.]" *Doc. 66-1 at 290*. Pitts argued that "usually the most the expert can say is that the hairs are 'consistent' and the court

should not permit the expert to overstate the technique's reliability." *Doc. 66-1 at 290*. Yet Malone had been allowed to tell the jury that "in his nine years' experience the only way he had seen hairs match the way they did in this instance was when in fact they came from the same person." *Doc. 66-1 at 290* (quoting *Pitts v. State*, 273 Ark. 220, 224–25, 617 S.W.2d 849, 852 (1981)). Finally, Pitts attached an excerpt about Malone from the 1997 OIG report, arguing that it "indicates for the expert witness, Mike Malone, a history and pattern of testifying outside his expertise and inaccurately concerning test results." *Doc. 66-1 at 290–91*.

In 2002, Pitts's appointed lawyer followed up on these assertions in an amended petition. Counsel argued that "[t]he advent of DNA testing has discredited microscopic hair analysis as 'junk science.'" *Doc. 66-1 at 327*. He noted that some 35% of DNA exonerations at that time "had been previously inculpated by microscopic hair analysis claiming a match." *Doc. 66-1 at 327*. Counsel specifically alleged that "Malone's reputation for scientific integrity has also been called into question[,]" and attached the 1997 OIG report excerpt that Pitts had included with his original petition. *Doc. 66-1 at 327-28 & 333-34*. And counsel cited two cases in which Malone's conclusions had been called into question. *Doc. 66-1 at 328*. He reiterated these points in his reply, *Doc. 66-1 at 321–22*, and in a 2008 hearing: "Microscopic hair analysis has essentially been discredited by subsequent evidence in DNA. Malone personally has

-2-

been discredited in a number of cases around the country." *Doc. 66-1 at 160*.

Pitts's new *habeas* petition is based on this same factual underpinning. He says Malone offered puffed-up expert testimony that went beyond what the science supported. That the FBI eventually came to the same conclusion is compelling evidence for the claim. But the FBI's conclusion is just that—evidence. It is not the predicate for the claim. *Rues v. Denney*, 643 F.3d 618, 622 (8th Cir. 2011).

As the recommendation notes, there's evidence that the FBI knew about problems with its experts' testimony before it began its case reviews. *Doc. 69 at 4*. But this isn't a case where the FBI actively concealed the necessary facts from Pitts. *Compare Jimerson v. Payne*, 957 F.3d 916 (8th Cir. 2020). In reviewing Pitts's case, the FBI didn't examine any evidence that was unavailable to Pitts. Instead, it based its conclusion on the same thing Pitts relied on when he first raised this issue in 2001: the testimony Malone offered at trial. *Doc. 2 at 28–31*. On this record, the Court concludes that Pitts could have discovered—and, in fact, did discover—the factual predicate for his claim long before the Department of Justice first contacted him in 2014. In the circumstances, it was not diligent to wait until the FBI confirmed what Pitts had been alleging for years. 28 U.S.C. § 2244(b)(2)(B)(i) & (d)(1)(D).

**3.** The Court adopts the remainder of the recommendation. Pitts argues hard that the Arkansas Supreme Court erred in denying him

-3-

*coram nobis* relief. *Doc. 62, 68 & 73*. And he aims several objections at showing that there was, in fact, a constitutional violation. *Doc. 73*. But these arguments are premature. Before this Court can consider Pitts's claims on the merits, he must clear the actual innocence bar. That is an exceedingly high standard: Pitts must show by clear and convincing evidence that, but for the alleged error, no reasonable factfinder would have found him guilty. 28 U.S.C. § 2244(b)(2)(B)(ii). This standard is even higher than the *Brady* materiality question that divided the Arkansas Supreme Court. *Pitts v. State*, 2020 Ark. 7, at *5, 591 S.W.3d 786, 791; *see also United States v. Bagley*, 473 U.S. 667, 682 (1985).

The Court agrees with the Magistrate Judge that Pitts hasn't met that high standard. Had Malone testified within the bounds of science, he would have told the jury that the hair *could have* come from Pitts, without suggesting that it *probably* did. This change weakens the State's case against Pitts. But the jury also had testimony from Benita Jones, who knew Pitts and identified him as the intruder. The jury heard about Pitts's harassing phone calls to Jones and how he'd sent her a dozen roses on Valentine's Day — the same day her husband received a package from an anonymous sender containing a bullet with his name on it. Pitts's lawyer went after Jones's story hammer and tongs; and it was up to the jury to decide whether she was credible. Malone's overstated testimony about the hair probably bolstered Jones's credibility. But the Court can't say, by clear and convincing evidence, that no reasonable

juror could have believed Jones and convicted Pitts without Malone's overstatements. The Court, therefore, cannot reach Pitts's claims on the merits.  28 U.S.C. § 2244(b)(2)(B).

*   *   *

Recommendation, *Doc. 69*, partly adopted and partly declined. Motion to dismiss and motion to supplement, *Doc. 64 & 68*, granted. Pitts's petition, as amended, will be dismissed with prejudice.  Because Pitts has a substantial underlying claim and reasonable jurists could disagree with this Court's procedural conclusions, the Court grants a certificate of appealability as to both diligence and actual innocence. 28 U.S.C. §§ 2244(b)(2)(B) & (d)(1)(D) & 2253(c)(1)–(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

So Ordered.

WMMarshall J.

D.P. Marshall Jr.
United States District Judge

16 November 2021

-5-